ZAINEY, J.
AUGUST 16, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRANSITIONAL HOSPITALS CORPORATION
OF LOUISIANA, INC. d/b/a
KINDRED HOSPITAL NEW ORLEANS                    CIVIL ACTION

VERSUS                                          NO. 05-2221


LOUISIANA HEALTH SERVICE &                      SECTION "A"(5)
INDEMNITY COMPANY d/b/a
BLUE CROSS BLUE SHIELD OF
LOUISIANA

Before the Court is a **Motion to Remand (Rec. Doc. 4)** and a

**Motion for Rule 11 Sanctions (Rec. Doc. 8)** filed by plaintiff

Transitional Hospitals Corporation of Louisiana, Inc. d/b/a

Kindred Hospital New Orleans ("Kindred").  Defendant, Louisiana

Health Service & Indemnity Company d/b/a Blue Cross Blue Shield

of Louisiana ("Blue Cross"), opposes the motions.  The motions,

set for hearing on July 27, 2005, are before the Court on the

briefs without oral argument.  For the reasons that follow, the

motion to remand is GRANTED and the motion for sanctions is

DENIED.

I.    **BACKGROUND**

Kindred is a long-term acute care hospital located in New Orleans, Louisiana.  Thomas Mitchell, not a party to this suit, was a patient at Kindred from February 9, 2001, to May 9, 2001. Kindred alleges that prior to its admitting Mr. Mitchell for treatment, defendant Blue Cross erroneously represented that Kindred would be reimbursed for treatment rendered to Mr. Mitchell pursuant to his health insurance plan, the Service Benefit Plan, with no lifetime maximum or restrictions applied.[1]

Following the treatment administered to Mr. Mitchell, Kindred submitted detailed billings to Defendant but Blue Cross refused payment informing Kindred that it was not a provider under contract with the plan.  Kindred alleges that Blue Cross's assurance of coverage induced it to administer medical treatment to Mr. Mitchell.

Kindred filed suit in the Civil District Court for the Parish of Orleans alleging state law claims of breach of contract and detrimental reliance, and seeking attorney's fees and penalties pursuant to La. R.S. 51:1405, et seq.  All of Kindred's claims were brought in its capacity as an independent third-party

---

[1] The Service Benefit Plan is one of the federal government's health benefits plans for federal employees and is governed by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901, et seq.  The patient, Mr. Mitchell, was a retired federal employee when Kindred treated him.  Blue Cross is the carrier that administers the Service Benefit Plan in Louisiana.

medical provider rather than as an assignee of Mr. Mitchell's rights against his plan.

Blue Cross removed the suit to this Court pursuant to 28 U.S.C. § 1331 alleging that Kindred's state law claims "arise under" federal law as suits challenging the administration of FEHBA benefits are governed exclusively by federal common law and therefore necessarily turn on the construction of federal law. Blue Cross also asserted that Kindred's state law claims were completely preempted by FEHBA thereby creating removal jurisdiction.  Alternatively, Blue Cross argued that the case was removable pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute.  The suit was designated in this Court as Civil Action 02-354.

On June 11, 2002, the Court remanded Civil Action 02-354 to state court after concluding that Kindred's claims against Blue Cross did not arise under federal law, that complete preemption did not apply, and that the federal officer removal statute did not provide a basis for removal.  Transitional Hosps. Corp. v. La. Health Serv. & Indem. Co., No. 02-354, 2002 WL 1303121 (E.D. La. June 11, 2002).

The case remained in state court for three years until June 10, 2005, when Blue Cross removed the case to this Court once again.  This time the suit was designated as Civil Action 05-2221.  Blue Cross asserts that Kindred filed a motion for summary judgment in the state court proceeding and that in this motion Kindred both added to and altered its previous allegations.

Specifically, Blue Cross claims that Kindred alleges for the first time in the motion that Blue Cross violated La. R.S. 40:2010 and that this allegation triggers removal under the federal officer removal statute.  Blue Cross also claims that Kindred's reference to Medicare in the motion creates a federal question making the case removable.[2]  Blue Cross contends that the motion for summary judgment constitutes "other paper" under 28 U.S.C. § 1446 which makes the case removable at this juncture.[3]

Kindred now moves to remand the case and seeks the costs and attorney's fees it has incurred in conjunction with filing the

---

[2] In a footnote Blue Cross states that the reference to Medicare in the motion for summary judgment also "raises the specter" of complete preemption.  Because the Court does not believe that the references to Medicare in the motion for summary judgment create a federal question, the Court is even less persuaded that complete preemption under the Medicare Act would apply.  See Rencare, Ltd. v. Humana Health Plan, Inc., 395 F.3d 555 (5th Cir. 2004).

[3] 28 U.S.C. § 1446, Procedure for removal, provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b) (West 1994 & Supp. 2005) (emphasis added).

4

motion to remand.   Kindred has filed a separate motion for Rule
11 sanctions.

## II.   <u>DISCUSSION</u>

## A.   Motion to Remand

Because Blue Cross bears the burden of establishing a basis
for removal the Court begins with its arguments in support of
removal and in opposition to remand.   Blue Cross bases removal on
the federal officer removal statute and federal question
jurisdiction.   Blue Cross urged both of these bases in support of
removal when the case was previously before the Court and the
Court rejected removal on both theories.   That remand order is
not reviewable and the Court is without jurisdiction to revisit
any issues previously decided.   <u>Heaton v. Monogram Credit Card
Bank</u>, 231 F.3d 994, 997 (5th Cir. 1996).   Nevertheless, the Fifth
Circuit does recognize a defendant's right to seek subsequent
removals after remand unless the second removal is based "on the
same ground."   <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489,
492 (5th Cir. 1996).   "On the same ground" does not refer to the
theory upon which federal jurisdiction exists but rather the
event or pleading that made the case removable.   <u>Id.</u>   When
relying on a theory previously rejected a subsequent removal must
be based upon a different factual basis.   <u>Id.</u> at 493-94.   Blue
Cross has pled a new factual basis for each of its theories of
removal so the non-reviewability of the prior remand order does
not present a problem here.

### 1.   *Removal Jurisdiction as a "Federal Officer"*

5

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), is designed to protect officers of the federal government, who when acting pursuant to authority granted them under federal law, run afoul of the laws of a state.  Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998) (quoting Willingham v. Morgan, 395 U.S. 402, 89 s. Ct. 1813, 23 L. Ed. 2d 396 (1969)).  One of the most important functions of this right of removal is to allow a federal court to determine the validity of an asserted official immunity defense.  Id.  Removal pursuant to section 1442(a)(1) is meant to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties."  Id. (quoting Arizona v. Manypenny, 451 U.S. 232, 101 S. Ct. 1657, 68 L. Ed. 2d 58 (1981)).  Application of the federal officer removal statute is appropriate where (1) the defendant is a "person" within the meaning of the statute, (2) the defendant acted pursuant to a federal officer's directions when committing the acts that allegedly give rise to the injury at issue, and (3) the defendant can assert a colorable federal defense.  Id. at 397-98.

The Court previously rejected Blue Cross's invocation of the federal officer removal statute when it remanded this case last time.  Blue Cross had maintained that the federal Office of Personnel Management ("OPM") sets forth the dictates of the medical precertification process for the plan at issue and therefore Blue Cross's employee was acting pursuant to the plan when it allegedly confirmed coverage for Mr. Mitchell.  The Court

explained that Blue Cross had provided no factual basis upon
which to conclude that its employees were acting pursuant to any
federal authority when they allegedly misrepresented coverage to
Kindred.  Transitional Hosps., 2002 WL 130121, at *3.  The Court
also explained that federal preemption of state law is not a
defense conferred pursuant to the federal health plan at issue.
Id.

Blue Cross now claims that Kindred is alleging for the first
time, via its motion for summary judgment, that Blue Cross
violated La. R.S. 40:2010 when it paid part of the benefits owed
to Mr. Mitchell's estate rather than to Kindred.[4]  Blue Cross
claims that these allegations make the case removable under the
federal officer removal statute because the Statement of Benefits
promulgated by OPM authorizes Blue Cross to pay Mr. Mitchell
directly notwithstanding R.S. 40:2010.  Blue Cross argues that
Anesthesiology Associates v. Blue Cross Blue Shield, No. 03-15664
(11th Cir. Mar. 18, 2005), makes it clear that if Kindred had
sought to hold Blue Cross directly liable for having paid Mr.
Mitchell instead of honoring Kindred's assignment, then the suit

_____

[4] La. R.S. 40:2010 provides in pertinent part:

>   No insurance company, employee benefit trust, self-
>   insurance plan, or other entity which is obligated to
>   reimburse the individual or to pay for him or on his
>   behalf the charges for the services rendered by the
>   hospital **shall pay those benefits to the individual** when
>   the itemized statement submitted to such entity clearly
>   indicates that the individual's rights to those benefits
>   have been assigned to the hospital.

La. Rev. Stat. Ann. § 40:2010 (West 2001) (emphasis added).

7

would clearly have been removable under § 1442(a)(1).  Blue Cross asserts that the case is no less removable if Kindred is merely trying to use the violation as evidence that Blue Cross breached a verbal agreement to pay Kindred because removal under the federal officer removal statue is broad.

In opposition, Kindred argues that its summary judgment motion seeks a ruling on its negligent misrepresentation claim *only*.  Kindred asserts that it cited La. R.S. 40:2010 simply as evidence that Blue Cross breached its verbal agreement to pay Mr. Mitchell's expenses and Kindred denies that it has ever claimed a right to payment as a direct result of Blue Cross's violation of R.S. 40:2010.  Moreover, Kindred argues that even if it had made a claim under R.S. 40:2010 the case would still not be removable because R.S. 40:2010 is not subject to ERISA preemption.  Kindred points out that Blue Cross lost the preemption argument in Louisiana Health Service and Indemnity Co. v. Rapides Healthcare System, 213 F. Supp. 2d 650 (M.D. La. 2002).  Kindred argues that Blue Cross's reliance on Anesthesiology Associates is misguided because the plaintiff in that case was asserting a claim as "an assignee of ERISA-plan reimbursement rights" rather than as a third party health care provider suing under state tort law.

Anesthesiology Associates is an unpublished decision from another jurisdiction.  According to the Eleventh Circuit's Internal Operating Procedures, the panel designates a case as "unpublished" when it believes that the case has no precedential value.  (11th Cir. R. 36-3, IOP 6).  The Eleventh Circuit permits

courts in its jurisdiction to cite unpublished decisions as
persuasive authority but reliance on them is not favored.  Id.
Unpublished Eleventh Circuit decisions are not binding precedent.
Id.

The crux of the Anesthesiology Associates decision is that
the federal officer removal statute permits a health plan insurer
providing benefits under a federal program to remove a case where
the provider is suing the insurer to compel some action that
would be contrary to the terms of the federal plan, e.g., an
attempt to force the plan to reimburse the provider rather than
the participant.  Ignoring for a moment that Anesthesiology
Associates is not precedent in any jurisdiction, the Court is
more troubled by the fact that Kindred is not seeking redress for
a "direct" violation of La. R.S. 40:2010 in this lawsuit.
Kindred referenced R.S. 40:2010 for the first time in its motion
for summary judgment.  The memorandum in support of the motion is
clearly directed at supporting Kindred's effort to obtain summary
judgment on its negligent misrepresentation claim.  Thus, even if
Anesthesiology Associates were binding on this Court, Kindred's
claim is distinguishable from the claim raised in that case.

Blue Cross asserts that removal is appropriate even if
Kindred is not making a claim for a direct violation of R.S.
40:2010 but instead intends to use the statute as additional
"evidence" in support of its motion for summary judgment.
Assuming *arguendo* that alleged violations of R.S. 40:2010 are
somehow probative with respect to the misrepresentation claim,

the Court finds this far too tenuous a basis to support removal.
Consequently, removal is not appropriate under the federal
officer removal statute.

### 2.    Federal Question Jurisdiction

A complaint creates federal question jurisdiction when it
states a claim created by the Constitution or laws of the United
States.  Howery, 243 F.3d at 917.  Pursuant to well-recognized
Supreme Court precedent, a complaint also creates federal
question jurisdiction when it states a cause of action created by
state law and (1) a federal right is an **essential** element of the
state claim, (2) interpretation of the federal right is **necessary**
to resolve the case, and (3) the question of federal law is
**substantial**.  Id. (citing Gully v. First national Bank, 299 U.S.
109, 57 S. Ct. 96, 81 L. Ed. 70 (1936); Franchise Tax Board v.
Construction Laborers Vacation Trust, 463 U.S. 1, 103 S. Ct.
2841, 77 L. Ed. 2d 420 (1983)).  Whether a federal issue
"embedded in the matrix of a state law claim will support federal
question jurisdiction entails a pragmatic assessment of the
nature of the federal interest at stake."  Id.

The Court previously rejected Blue Cross's argument that
federal question jurisdiction existed over this case.  Blue Cross
had maintained that Kindred's claims turned on an interpretation
of federal law because Mr. Mitchell's coverage was governed by
FEHBA.  The Court concluded that resolution of Kindred's state
law claims did not require a determination of a federal right nor
does a federal right comprise any part of such a claim.  The

Court was likewise unmoved by Blue Cross's complete preemption argument.  <u>Transitional Hosps.</u>, 2002 WL 130121, at * 3.

Blue Cross now claims that Kindred originally pled its claim as one in which Blue Cross had promised to pay "70% of all reasonable and customary charges" but in its motion for summary judgment Kindred now asserts that Blue Cross represented that it would pay 70% of "Medicare allowable charges."  Blue Cross asserts that this new allegation now requires a determination of what would be the "allowable" amount under Medicare, a determination governed by federal statute.  Blue Cross argues that it is now clear that Kindred's claim involves resolution of a substantial issue of federal law.

In opposition, Kindred asserts that Blue Cross's reliance on the term "Medicare allowable charges" as a basis for removal is disingenuous and untimely.  Kindred asserts that in the parlance of the healthcare industry "Medicare allowable charges" is used to refer to billed charges for hospital services that Medicare would typically cover even if the patient is not Medicare eligible.  Kindred points out that Mr. Mitchell was not a Medicare patient so the federal Medicare program is not at issue here.  Kindred asserts that its use of an industry standard term like "Medicare allowable charges" does nothing to convert this case into one involving a federal question for the purpose of removal.

Kindred goes on to argue that Blue Cross's reliance on the term "Medicare allowable charges" for purposes of removal is

untimely because this phrase was taken from telephone transcripts
that Blue Cross provides to Kindred and that Blue Cross had those
transcripts in its possession no later than September 18, 2002,
*prior to the first removal and remand*.  Thus, according to
Kindred, Blue Cross should have raised this argument in its first
notice of removal.  Blue Cross counters that removals based on
federal question jurisdiction are governed by the face of
plaintiff's complaint and that Kindred's state court petition did
not refer to "Medicare allowable charges."

     The Court is unpersuaded by Blue Cross's assertion that the
reference to Medicare allowable charges somehow transforms this
case into one involving a significant question of federal law.
The question of whether a particular charge is payable under
Medicare and for what amount will not even arise in this case
until liability is established.  Liability in this case is based
solely on state law.  To the extent that any interpretation of
federal law is necessary to resolving this matter it would be
minor compared to the other issues in the case.  This case does
not present a federal question for removal purposes.

     In sum, the Court concludes that neither the federal officer
removal statute nor federal question jurisdiction provide a basis
for removal.  As the Court concluded when it remanded Civil
Action 02-354, the Court is without subject matter jurisdiction
to entertain this case.

### *Request for Attorney's Fees and Costs*

     Kindred moves for an award of attorney's fees and costs

pursuant to 28 U.S.C. § 1447(c).  Kindred argues that Blue Cross
engages in a continuous and systematic practice of improvidently
removing cases based on the same preemption arguments that are
repeatedly rejected in this district.  Kindred argues that Blue
Cross's subsequent removal of this case is just one more example
of its willingness to remove cases based on frivolous grounds.

        In opposition, Blue Cross argues that the threshold for an
award of fees is high in this circuit.  Blue Cross asserts that
this second removal was reasonable given that Kindred materially
altered its allegations in this lawsuit when it filed its motion
for summary judgment.

        Pursuant to § 1447(c), the district court has discretion to
order the payment of "just costs and any actual expenses,
including attorney fees, incurred as a result of the removal"
when remanding a case to state court.  28 U.S.C.A. § 1447(c)
(West 1994 & Supp. 2005); see Hornbuckle v. State Farm Lloyds,
385 F.3d 538,541 (5th Cir. 2004) (citing Garcia v. Amfels, Inc.,
254 F.3d 585, 587 (5th Cir. 2001)).  An improper removal does not
ipso facto imply an award of fees and costs.  See Hornbuckle, 385
F.3d at 541 (quoting Valdes v. Wal-Mart Stores, Inc., 199 F.3d
290, 292 (5th Cir. 2000)).  Rather, fees should only be awarded
if the removing defendant lacked "objectively reasonable grounds
to believe the removal was legally proper."  Id.

        This case has now been removed twice.  This most recent
removal was based on tenuous grounds to say the least.  However,
the Court does not find that Defendant lacked objectively

reasonably grounds to believe that the case was removable, particularly under the federal officer removal statute given Kindred's references to La. R.S. 40:2010.  The request for attorney's fees and costs is therefore denied.

**B.    Motion for Rule 11 Sanctions**

Kindred argues that counsel for Blue Cross should be sanctioned under Rule 11 because the second notice of removal was filed solely to create delay and to upset the hearing of Kindred's motion for summary judgment.  In support of its motion Kindred raises basically the same arguments that it has made in support of its motion to remand.

In opposition Blue Cross asserts that Kindred's motion does not address the existing law surrounding Rule 11 sanctions and that removal was appropriate in light of the new allegations contained in the motion for summary judgment.  Blue Cross contends that Kindred should face Rule 11 sanctions for the nonsensical arguments that it makes in its own Rule 11 motion.

For the reasons that the Court denied the request for attorney's fees and costs the motion for Rule 11 sanctions is DENIED.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 8)** filed by Transitional Hospitals Corporation of Louisiana, Inc. d/b/a Kindred Hospital New Orleans should be and is hereby **GRANTED**. This matter is **REMANDED** to Civil District Court for the Parish of Orleans pursuant to 28 U.S.C. § 1447(c) for lack of subject

matter jurisdiction;

   **IT IS FURTHER ORDERED** that the **Motion for Rule 11 Sanctions**

**(Rec. Doc. 8)** filed by plaintiff Transitional Hospitals

Corporation of Louisiana, Inc. d/b/a Kindred Hospital New Orleans

should be and is hereby **DENIED**.

* * * * * * * *